IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**KRISTI M. SNEARLY**                                                                                         **PLAINTIFF**

**vs.**                                **Civil No. 6:18-cv-06103**

**ANDREW SAUL[1],**                                                               **DEFENDANT**
**Commissioner, Social Security Administration**

## MEMORANDUM OPINION

Plaintiff, Kristi M. Snearly, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") benefits under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed her application on November 23, 2015. (Tr. 22, 181)[2]. In her application, Plaintiff alleged being disabled due to "various" physical or mental conditions with

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.
2 References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 10, These references are to the page number of the transcript itself not the ECF page number.

an alleged onset date of July 31, 2012. (Tr. 22, 220). In a pain report dated December 21, 2015, Plaintiff reported she suffered from: allergies, depression, knee pain, back pain, female pain, endometriosis, diverticulitis, colitis, IBS, hernia, heartburn, a bulging disc, pinched nerves, trouble remembering things, fibromyalgia, and a fear that people did not like her and talked about her. (Tr. 218). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 22). Plaintiff requested an administrative hearing and that administrative hearing was held on October 30, 2017. (Tr. 41-77). At this hearing, Plaintiff was present and represented by counsel, Shannon Carroll. (*Id*.). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (*Id*.).

Following the administrative hearing, on May 2, 2018, the ALJ entered an unfavorable decision. (Tr. 19-34). The ALJ found Plaintiff had last met the insured status requirements of the Act through December 31, 2017. (Tr. 24, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity from her alleged onset date of July 31, 2012, through her date last insured. (Tr. 25, Finding 2). The ALJ determined Plaintiff had the severe impairments of: degenerative joint disease of the right shoulder and right knee (status post partial meniscectomy); bilateral De Quervain's tenosynovitis[3] (status post bilateral release); degenerative disc disease of the cervical and lumbar spines; migraines; obesity; fibromyalgia with polyneuropathy; depression; and anxiety. (Tr. 25, Finding 3). Despite being severe, the ALJ determined that, prior to the established onset date, those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 25-27, Finding 4).

---

3 De Quervain's tenosynovitis is a painful condition affecting the tendons on the thumb side of one's wrist. *See De Quervain's tenosynovitis at,* https://www.mayoclinic.org/diseases-conditions/de-quervains-tenosynovitis/symptoms-causes/syc-20371332 (last accessed December 2, 2019).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 27-32). The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 29). The ALJ determined Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b). In addition, she could occasionally reach overhead with the right, dominant arm; and, she could frequently, but not constantly, handle, finger, and feel with her bilateral upper extremities. She could occasionally climb ramps and stairs, and could never climb ladders, ropes, or scaffolds. She could occasionally balance, stoop, kneel, crouch, and crawl. She could not work around unprotected heights or moving mechanical parts. She could perform simple, routine, and repetitive tasks, and she could make simple work-related decisions. She could have interpersonal contact incidental to work performed, with simple, direct, and concrete supervision.

(Tr. 27).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined that, through her date last insured, Plaintiff had been incapable of performing any of her PRW. (Tr. 32, Finding 6). The ALJ found that there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 32-33, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of price tag ticketer with approximately 292,000 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff was not disabled at any time from July 31, 2012, the alleged onset date, through December 31, 2017, the date last insured. (Tr. 33, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 178-180). On October 1, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On October 16, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 14, 15. This case is now ready for decision.

2.  **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion**:

Plaintiff brings only one point on appeal, whether ALJ's RFC determination was supported by substantial evidence. ECF No. 14. More specifically, Plaintiff argues that the ALJ failed to address several limitations that were supported by substantial evidence. *Id*., p. 4. At the beginning of her argument Plaintiff states that the ALJ erred at step three in failing to consider the combination of her impairments. *Id*., p. 3. However, this argument is not elaborated upon and it is unclear which combination of impairments Plaintiff would argue met or medically equaled the criteria of a listing. Although Plaintiff does not raise a separate step five argument, she does argue that the ALJ's hypothetical as presented to the VE was improper as it did not address all her limitations regarding the use of her hands and feet. *Id*., p. 16.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of December 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE